United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 11-16479-sr
Pablo V. Acosta                                                     Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2        User: admin           Page 1 of 1          Date Rcvd: Mar 03, 2017
                           Form ID: 3180W         Total Noticed: 10

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 05, 2017.
db            +Pablo V. Acosta,    134 Bartlett Avenue,    Sharon Hill, PA 19079-1301
12547624      +Delaware Co Drs,    Po Box 543,    Media, PA 19063-0543
12761671      +Robert H. Holber, Esquire,    41 East Front Street,    Media, PA 19063-2911

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: bankruptcy@phila.gov Mar 04 2017 01:47:09    City of Philadelphia,
               City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
               Philadelphia, PA 19102-1595
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Mar 04 2017 01:47:00    U.S. Attorney Office,
               c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
12524043      +EDI: AFNIRECOVERY.COM Mar 04 2017 01:43:00    Afni, Inc.,    PO Box 3667,
               Bloomington, IL 61702-3667
13028110       EDI: AIS.COM Mar 04 2017 01:43:00    Midland Funding LLC,    by American InfoSource LP as agent,
               Attn: Department 1,    PO Box 4457,    Houston, TX  77210-4457
12594999      +E-mail/Text: bankruptcygroup@peco-energy.com Mar 04 2017 01:46:25    PECO Energy Company,
               c/o Merrick Friel,    2301 Market Street, S23-1,    Philadelphia, PA 19103-1380
12570396       E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 04 2017 01:46:41
               Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
               Harrisburg PA 17128-0946
13470501       E-mail/Text: bknotices@snsc.com Mar 04 2017 01:47:20    SN Servicing Corporation,
               323 Fifth Street,    Eureka, CA 95501
                                                                                      TOTAL: 7


         ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
smg*           Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
               Harrisburg, PA 17128-0946
12662964*     +Condor Capital Corp.,    165 Oser Avenue,    Hauppauge, NY 11788-3710
12555616      ##+Condor Capital Corp.,    165 Oser Avenue,    Hauppauge, NY 11788-3710
                                                                             TOTALS: 0, * 2, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 05, 2017              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 2, 2017 at the address(es) listed below:
              ANN E. SWARTZ    on behalf of Creditor    Kondaur Capital Corporation ecfmail@mwc-law.com,
               ecfmail@mwc-law.com
              FREDERICK L. REIGLE    ecfmail@fredreiglech13.com,    ecf_frpa@trustee13.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Kondaur Capital Corporation
               bkgroup@kmllawgroup.com,    bkgroup@kmllawgroup.com
              POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              ROBERT H. HOLBER    on behalf of Debtor Pablo V. Acosta rholber@holber.com
              STEPHEN M HLADIK    on behalf of Creditor    SN Servicing Corporation shladik@hoflawgroup.com,
               debersole@hoflawgroup.com
              STEPHEN M HLADIK    on behalf of Creditor    Gemini Capital Managers, LLC shladik@hoflawgroup.com,
               debersole@hoflawgroup.com
              THOMAS I. PULEO    on behalf of Creditor    Kondaur Capital Corporation tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                   TOTAL: 9

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Pablo V. Acosta** | Social Security number or ITIN   **xxx–xx–1728** |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ |
| | | EIN   _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court   **Eastern District of Pennsylvania**

Case number:   **11–16479–sr**

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Pablo V. Acosta

<u>3/2/17</u>

**By the court:**   <u>Stephen Raslavich</u>
United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

#### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

#### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

#### Some debts are not discharged

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

Form 3180W                    **Chapter 13 Discharge**                    page 1

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**